STATE of Wisconsin, Plaintiff-Respondent,

v.

Douglas J. LASKY, Defendant-Appellant.†

Court of Appeals

*No. 01–2503–CR. Submitted on briefs March 18, 2002.—
Decided April 16, 2002.*

2002 WI App 126

(Also reported in 646 N.W.2d 53.)

† Petition to review denied 7-26-02.

789

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Eileen A. Hirsch*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Gregory M. Weber*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1.   CANE, C.J.   Douglas Lasky appeals from a judgment of conviction for armed robbery and battery,

both as party to a crime. Lasky, who pled no contest, argues that his convictions should be dismissed on two bases: (1) his prosecution for armed robbery was prohibited by WIS. STAT. § 939.71[1] because he had been convicted of the same crime in federal court; and (2) prosecuting Lasky in state court following his federal prosecution violated his right to fundamental fairness. The State disagrees and also asserts that Lasky waived his right to appeal his convictions when he pled no contest.

¶ 2.  We conclude that Lasky did not waive his right to challenge the application of WIS. STAT. § 939.71 when he pled no contest. However, we conclude that Lasky's prosecution was not barred because the elements of both aggravated bank robbery, contrary to 18 U.S.C. § 2113(a) and (d),[2] and armed robbery, contrary

---

[1] All Wisconsin statutory references are to the 1999–2000 version unless otherwise noted.

[2] The applicable parts of 18 U.S.C. § 2113 provide:

> **(a)** Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

> Shall be fined under this title or imprisoned not more than twenty years, or both.

>     . . . .

to WIS. STAT. § 943.32(2),[3] require "proof of a fact for conviction which the other does not require." *See* WIS. STAT. § 939.71. We also reject Lasky's argument that his prosecution in state court violates his right to fundamental fairness. Accordingly, we affirm the judgment.

## STATEMENT OF FACTS

¶ 3. On October 11, 1999, Lasky and his father, Dennis Lasky, robbed the First State Bank in Cecil. According to the criminal complaint, they entered the bank wearing masks and carrying guns.[4] During the

---

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

[3] WISCONSIN STAT. § 943.32 provides in relevant part:

(1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class C felony:

(a) By using force against the person of the owner with intent thereby to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property; or

(b) By threatening the imminent use of force against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

(2) Whoever violates sub. (1) by use or threat of use of a dangerous weapon, a device or container described under s. 941.26(4)(a) or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon or such a device or container is guilty of a Class B felony.

[4] According to Lasky, the weapons were actually plastic toy guns.

793

robbery, Dennis hit one of the tellers on the head with a gun. The two men took more than $70,000 in cash from the bank.

¶ 4. Lasky and his father were subsequently arrested. Lasky was charged with crimes in both federal and state courts. In federal court, he was charged with aggravated bank robbery. He pled guilty and was sentenced to seventy-eight months in prison.

¶ 5. In state court, Lasky was charged with armed robbery, theft from a person and battery, all party to a crime. Lasky filed a motion to dismiss the armed robbery charge on grounds that his prosecution violated WIS. STAT. § 939.71. The court denied his motion, concluding that the prosecution was not barred because the state crime contains an element that is not an element of the federal crime, and vice versa. *See id.* The trial court determined that the state crime required proof of specific intent to steal, while the federal crime required only general intent. Further, the court determined that only the federal crime required that the crime victim be a federally-insured financial institution.

¶ 6. Lasky ultimately pled no contest to armed robbery and battery. The State dismissed the charge of theft from a person. He was sentenced to fifteen years in prison for the armed robbery, consecutive to his seventy-eight-month federal sentence. Lasky also was sentenced to one year in prison for the battery, concurrent with his sentence for armed robbery.

¶ 7. This appeal presents three issues: (1) whether the guilty-plea-waiver rule bars consideration of Lasky's appeal; (2) whether WIS. STAT. § 939.71 bars Lasky's prosecution for armed robbery; and (3) whether Lasky's prosecution violates his right to fundamental

fairness. Although we decline to apply the guilty-plea-waiver rule here, we reject Lasky's challenges to the judgment and affirm.

## DISCUSSION

¶ 8. The central issue is whether the State was barred from prosecuting Lasky for armed robbery after he had already been convicted for aggravated bank robbery in federal court. The United States Supreme Court has recognized that successive state and federal prosecutions do not violate the Fifth Amendment's proscription against double jeopardy. *See Bartkus v. Ill.*, 359 U.S. 121, 132–33 (1959); *see also State v. Petty*, 201 Wis. 2d 337, 358–59, 548 N.W.2d 817 (1996) (recognizing that a defendant may be placed in jeopardy for the same crime by separate state and federal prosecutions). However, *Bartkus* recognized that individual states are free to enact statutes that bar subsequent prosecutions, and noted that many states already had.[5] *See id.* at 138–39.

¶ 9. Indeed, when *Bartkus* was released, Wisconsin had a statute limiting subsequent prosecutions. WISCONSIN STAT. § 939.71, which has been renumbered but not amended since its passage in 1955, provides:

---

[5] *See* Carolyn Kelly MacWilliam, Annotation, *Conviction or Acquittal in Federal Court as Bar to Prosecution in State Court for State Offense Based on Same Facts—Modern View*, 97 A.L.R. 5th 201, § 6f (2002) ("Although there is no federal constitutional prohibition against a state prosecution of a defendant for crimes arising out of the same criminal transaction giving rise to federal charges for which the defendant has already stood trial in federal court, a number of states have enacted statutes that provide that a prior conviction or acquittal in some other jurisdiction is a proper defense to a subsequent trial within the state for similar crimes arising out of the same transaction.").

795

**Limitation on the number of convictions**. If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require.

This statute substantively enacts the test established in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), for determining whether two offenses are the "same offense" for double jeopardy purposes. *State v. Vassos*, 218 Wis. 2d 330, 335, 579 N.W.2d 35 (1998).

¶ 10. Therefore, the issue presented is not whether Lasky's state prosecution violates his constitutional rights, but rather whether Wis. Stat. § 939.71 bars his prosecution for armed robbery. The circuit court concluded that because the state crime and the federal crime both required proof of a fact that the other does not require, the prosecution was not barred by § 939.71. Because statutory interpretation is a question of law, we consider the application of § 939.71 independently of the circuit court, benefiting from its analysis. *See Vassos*, 218 Wis. 2d at 334.

### I. Application of the guilty-plea-waiver rule

¶ 11. Before we consider the application of Wis. Stat. § 939.71, we consider the State's argument that Lasky waived his right to challenge his conviction when he pled no contest. The general rule is that a guilty or no contest plea waives all nonjurisdictional defects and defenses, including alleged constitutional violations oc-

curring prior to the plea. *See State v. Bangert*, 131 Wis. 2d 246, 293, 389 N.W.2d 12 (1986); *Racine County v. Smith*, 122 Wis. 2d 431, 434, 362 N.W.2d 439 (Ct. App. 1984). However, this court has recognized that "double jeopardy is an exception to the guilty-plea-waiver rule." *State v. Hubbard*, 206 Wis. 2d 651, 655, 558 N.W.2d 126 (Ct. App. 1996). ‚

¶ 12. The State argues that the double jeopardy exception to the guilty-plea-waiver rule does not apply because Lasky is asserting a "simple claim of statutory error" under Wis. Stat. § 939.71, rather than a constitutional double jeopardy claim. In response, Lasky states, "Although this case is not technically a double jeopardy case, the statute is a 'first cousin' [to *Blockburger*], as the state acknowledges in its brief . . . . All of the reasons for exempting double jeopardy cases from waiver apply to this case as well." Lasky also argues that the interests of fairness and judicial economy are served by declining to apply the waiver rule to this case.

■

¶ 13. The guilty-plea-waiver rule, like the general rule that failure to timely raise objections at trial will result in waiver, is a rule of administration and not of power. *State v. Riekkoff*, 112 Wis. 2d 119, 124, 332 N.W.2d 744 (1983). Although the rule has found widespread application, it does not deprive an appellate court of its subject matter jurisdiction. *Id.* at 123. We decline to apply the guilty-plea-waiver rule in this case for several reasons. First, application of Wis. Stat. § 939.71 is closely related to a double jeopardy analysis, and double jeopardy claims are not subject to the guilty-plea-waiver rule. Second, Lasky raised the issue in the circuit court, and there is no suggestion that when Lasky pled no contest he expressly waived his right to contest his State prosecution for armed rob-

bery. *See Hubbard*, 206 Wis. 2d at 656 n.4 (A defendant may expressly waive a double jeopardy defense as part of a plea bargain.). Finally, the issue, which has potential state-wide importance, has been fully briefed and is ripe for decision. Accordingly, we will address Lasky's claim on its merits.

## II. Application of Wis. Stat. § 939.71

■

¶ 14.   Application of Wis. Stat. § 939.71 in this case requires us to compare the elements of aggravated bank robbery under federal law and armed robbery under state law to determine whether the federal crime contains an element that is not an element of the state crime, and vice versa. If each crime "requires proof of a fact for conviction which the other does not require," then Lasky's state conviction for armed robbery cannot stand.[6] *See id.*

¶ 15.   The parties agree on the requisite elements for each crime. The federal crime, aggravated bank robbery, 18 U.S.C. §§ 2113(a) and (d), requires proof of the following four elements:

> First, the defendant took or attempted to take, from the person or presence of another [money; property; a thing of value] belonging to or in the [care; custody; control; management; possession] of (here name bank, savings and loan, credit union, named in the indictment);

> Second, at the time charged in the indictment the [bank; savings and loan; credit union] had its deposits insured by the [Federal Deposit Insurance Corporation;

---

[6] Lasky does not argue that his conviction for battery would be barred pursuant to Wis. Stat. § 939.71, although he objects to that conviction on fundamental fairness grounds.

Federal Savings and Loan Insurance Corporation; National Credit Union Administration];

Third, the defendant took or attempted to take such [money; property; thing of value] by means of force and violence, or by means of intimidation; and

Fourth, the defendant assaulted or put in jeopardy the life of (here name person(s) named in the indictment) by the use of a dangerous weapon or device, while committing or attempting to commit the theft of burglary.

2B KEVIN E. O'MALLEY ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS—CRIMINAL § 57.06 (West 5th ed. 2000).

¶ 16. The state crime, armed robbery, WIS. STAT. § 943.32(2), requires proof of five elements:

The first element requires that *(name)* was the owner of property.

. . . .

The second element requires that the defendant took property from the person or from the presence of *(name)*.

The third element requires that the defendant took the property with the intent to steal. This requires that the defendant had the mental purpose to take and carry away property of another without consent and that the defendant intended to deprive the owner permanently of possession of the property . . . .

The fourth element requires that the defendant acted forcibly. "Forcibly" means that the defendant actually used force against *(name)* with the intent to overcome or prevent physical resistance or physical power of resistance to the taking or carrying away of the property or threatened the imminent use of force

against *(name)* with the intent to compel *(name)* to submit to the taking or carrying away of the property.

. . . .

The fifth element requires that at the time of the taking or carrying away, the defendant used or threatened to use an article used or fashioned in a manner to lead *(name)* reasonably to believe it was capable of producing death or great bodily harm.

*See* WIS JI—CRIMINAL 1480A (footnotes omitted).

¶ 17.   The State asserts that Lasky's prosecution for armed robbery is not barred by WIS. STAT. § 939.71 because the federal crime requires proof of two facts not required for the state crime, and the state crime requires proof of one fact not required for the federal crime.

A. The federal crime

¶ 18.   The State argues that the fourth element of the federal crime differs from the state crime because it requires that the defendant, by use of a dangerous weapon or device, either assaulted or put in jeopardy the life of another person.[7] *See* 18 U.S.C. § 2113(d).

¶ 19.   The State contends that WIS. STAT. § 943.32(2) requires proof neither of assault nor that a victim's life has been jeopardized. The State explains that § 943.32(2) "requires only that the defendant act by force or imminent force. It does not require the force to be of a particular type or intensity, or likely to result in the victim's death."

¶ 20.   In response, Lasky argues that the federal element is the same as the fifth element of WIS. STAT.

---

[7] It is not clear from the record whether the federal court alleged that Lasky used a dangerous weapon to assault a person or to put the person's life in danger.

§ 943.32(2), requiring proof that "at the time of the taking . . . the defendant used or threatened to use an article used or fashioned in a manner to lead [the victim] reasonably to believe it was capable of producing death or great bodily harm." *See* Wis JI—Criminal 1480A. We disagree. The state element requires merely that the defendant used or threatened to use a dangerous weapon. At the federal level, the prosecution is required to prove that the victim was assaulted or that the victim's life was in jeopardy. *See* 18 U.S.C. § 2113(d).

¶ 21. Lasky suggests that because proof that the defendant used or threatened to use a dangerous weapon will also prove that the victim's life was in jeopardy, the state and federal elements are the same. Lasky relies on *United States v. Roustio*, 455 F.2d 366 (7th Cir. 1972), which held that the "in jeopardy" element of 18 U.S.C. § 2113(d) is met when a robbery victim is "placed in an objective state of danger," and that a jury can infer such a state from evidence that the victim was intimidated by the display and threatened use of a gun by the robber. *See United States v. Richardson*, 562 F.2d 476, 481 (7th Cir. 1977) (quoting *Roustio*, 455 F.2d at 371).

¶ 22. We acknowledge that there may be some cases where the same evidence used to prove that the defendant used or threatened to use a dangerous weapon, *see* Wis. Stat. § 943.32(2), could be used to prove that the victim was placed in an objective state of danger. *See* 18 U.S.C. § 2113(d); *Roustio*, 455 F.2d at 371. However, because there are cases where the use or threatened use of a dangerous weapon will not endanger the victim's life, we cannot conclude that the two elements are the same. For example, a defendant who threatened to use a dangerous weapon, but never

actually had a weapon, may not have placed the victim in an objective state of danger.

¶ 23. We conclude that the federal crime requires proof of a fact that the state crime does not require: that the victim was assaulted or that the victim was placed in an objective state of danger. Because we have identified one unique element in the federal crime, we decline to address the State's argument that the second federal element is also unique because it requires that the financial institution had its deposits insured by the corresponding federal insurance corporation. *See Clark v. Waupaca County Bd. of Adj.*, 186 Wis. 2d 300, 304, 519 N.W.2d 782 (Ct. App. 1994).

B. The state crime

¶ 24. We next turn to the State's argument that the state crime of armed robbery requires an element not present in the federal offense of aggravated bank robbery. Specifically, the State contends that the second element of the state crime, requiring "that the defendant took the property with the intent to steal," is unique. The State explains:

> The state offense . . . requires proof that Lasky either possessed the specific intent to steal or, if Lasky was an accomplice to the armed robbery, that the principal offender possessed the specific intent to steal. The federal offense . . . does not require proof of intent to steal. It is a general intent crime, requiring only that Lasky possess knowledge "with respect to the *actus reus* of the crime." *Carter v. United States*, 530 U.S. 255, 268 (2000).

¶ 25. We agree with the State's conclusion. The state offense requires proof of specific intent to steal. *See* Wis JI—Criminal 1480A. Conversely, 18 U.S.C.

§ 2113(a) is a general intent crime. *See Carter v. United States*, 530 U.S. 255, 268 (2000).

¶ 26. Lasky does not dispute that only the state crime requires proof of specific intent to steal. However, he argues that his prosecution is nonetheless barred by Wis. Stat. § 939.71 because he was charged as a party to the crime of armed robbery, which requires the State to prove only his general intent to assist in the crime's commission. He explains:

> [T]he party to a crime law, Wis. Stat. § 939.05 is not a specific intent statute—it requires *only* that the defendant know "that another person is committing or intends to commit the crime," and "have the purpose to assist the commission of that crime." Wis JI—Criminal 400.
>
> . . . .
>
> The state wants it both ways. By charging Mr. Lasky as party to the crime, rather than as a principal, the state relieved itself of the burden of proving that [Lasky] had a specific intent to steal. Yet, when faced with the prohibition on the state prosecution imposed by Wis. Stat. § 939.71, it relies on specific intent to avoid that prohibition.
>
> The state charged Mr. Lasky with being party to the crime of armed robbery . . . converting his crime to one of general intent. Because the charge does not require "proof of a fact for conviction which the other [the federal statute] does not require," Mr. Lasky's prosecution was prohibited by the clear and unambiguous language of § 939.71.

¶ 27. We reject Lasky's argument that because he was charged as a party to the crime, we should compare the federal and state crimes differently. To successfully prosecute Lasky for armed robbery, party to a crime,

803

the State was required to prove that either Lasky or his father had the specific intent to steal. *See* WIS. STAT. § 939.05(2).[8] Assuming, as Lasky does, that the State's theory was that Lasky intentionally aided and abetted his father in committing armed robbery, contrary to § 939.05(2)(b), we note that the State still would have been required to prove that Lasky's father had specific intent to steal. *See* WI JI—CRIMINAL 400.[9]

¶ 28. Because we have concluded that one of the elements of both aggravated bank robbery and armed robbery requires "proof of a fact for conviction which the other does not require," we conclude that Lasky's state prosecution for armed robbery is not barred by WIS. STAT. § 939.71.

### III. Whether Lasky's prosecution violates fundamental fairness

■

¶ 29. Lasky argues with some persuasion that his conviction should be overturned in the interest of justice because prosecuting him in state court after he was convicted in federal court for "substantially the

---

[8] WISCONSIN STAT. § 939.05(2) provides that a person is concerned in the commission of a crime if the person (a) directly commits the crime; (b) intentionally aids and abets the commission of it; or (c) is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it.

[9] Having concluded that one of the state crime elements requires proof of a fact not required by the federal crime, we decline to address whether there may be other state crime elements that are also unique. *See Clark v. Waupaca County Bd. of Adj.*, 186 Wis. 2d 300, 304, 519 N.W.2d 782 (Ct. App. 1994).

same acts" is fundamentally unfair.[10] He notes that courts in other jurisdictions have "prohibited state prosecutions without benefit of statute, by construing state constitutional double jeopardy protections, or by applying a due process, balancing of interests test."[11] In effect, Lasky argues that Wisconsin law on prosecutions by dual sovereigns should be changed.

¶ 30. In response, the State argues that Lasky waived this argument by failing to raise it in the circuit court. Alternatively, the State suggests that Lasky's recourse lies with the legislature, stating "this court should not assume the role of the state legislature and place restrictions on successive prosecutions beyond those already provided by Wis. Stat. § 939.71."

¶ 31. Even if we were to address this argument on its merits, we conclude that Lasky's recourse lies with the legislature because we are not empowered to re-write legislation. *See State v. Hall*, 207 Wis. 2d 54, 90, 557 N.W.2d 778 (1997) ("It is the legislature's function to amend the statute where amendment is found necessary. . . . The checks and balances needed to sustain a democratic government stay our hands from the pen.").

¶ 32. Additionally, our supreme court has held that double jeopardy questions under the Wisconsin Constitution are governed by applicable decisions of the United States Supreme Court. *State v. Rabe*, 96 Wis. 2d 48, 61 n.7, 291 N.W.2d 809 (1980). Also, the court of appeals is bound by prior decisions of the Wisconsin

---

[10] For example, Lasky cites Justice Black's dissent in *Bartkus v. Illinois*, 359 U.S. 121, 150 (1959) (Black, J., dissenting).

[11] Lasky cites as examples the following cases: *Commw. v. Cepulonis*, 373 N.E.2d 1136 (Mass. 1978); *Commw. v. Mills*, 286 A.2d 638 (Pa. 1971); *State v. Hogg*, 385 A.2d 844 (Vt. 1978).

Supreme Court. *State v. Lossman*, 118 Wis. 2d 526, 533, 348 N.W.2d 159 (1984). Therefore, we reject Lasky's argument and apply WIS. STAT. § 939.71 as written.

*By the Court.*—Judgment affirmed.