COURT OF APPEALS
DECISION
DATED AND FILED

July 25, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP578-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF156

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

MIGUEL A.F. NAVARRO,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Pierce County: JOSEPH D. BOLES, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Miguel Navarro appeals from a judgment convicting him of first-degree reckless homicide, as charged in an amended

Information pursuant to a negotiated plea agreement. Navarro contends that the circuit court erroneously exercised its discretion by denying his motion to change his pleas on two different charges in the original Information from not guilty to not guilty by reason of mental disease or defect (NGI). We conclude that Navarro forfeited his right to review of the NGI-plea issue by entering a guilty plea to the amended charge. We further decline to exercise our discretion to review the forfeited issue. Accordingly, we affirm.

## BACKGROUND

¶2 The State charged Navarro with first-degree intentional homicide and mayhem based on allegations that Navarro fatally attacked a co-worker with a circular saw. Two witnesses observed the attack, and Navarro confessed to the attack during a recorded jail call. The defense arranged for psychologist Dr. Norman Cohen to conduct a neuropsychological examination of Navarro to determine "how Mr. Navarro's intellectual deficits may have affected his commission of this crime." Cohen noted that, due to a traumatic brain injury, Navarro scored below the tenth percentile on almost all cognitive tasks, including below the first percentile on virtually all memory tasks. Cohen concluded, among other things, that Navarro's "ability to understand the procedures in a trial or to make good decisions in this situation [is] grossly limited."

¶3 After receiving Cohen's report, the defense moved for a competency evaluation. Psychologist Dr. Donna Minter filed a court-ordered report concluding that Navarro was competent to stand trial, while psychologist Dr. Michael Moller filed a report concluding that Navarro was not competent. For a variety of reasons, the competency hearing was not completed until forty-two

days before the scheduled trial date. The circuit court ruled at the hearing that Navarro was competent to stand trial.

¶4    Four days later, Navarro moved to change his pleas from not guilty to NGI and requested a court-ordered NGI evaluation. The State opposed the motion on the dual grounds that the motion was untimely and that Navarro had failed to make an offer of proof showing that he met the elements of the defense under WIS. STAT. § 971.15 (2021-22).[1] Navarro replied that Cohen's report provided a basis to argue that Navarro suffered from a mental disease or defect, and that his counsel needed to wait until the competency issue had been resolved before seeking to change Navarro's pleas.

¶5    The circuit court denied Navarro's motion to change his pleas. The court reasoned that: (1) Navarro could have moved to change his pleas at any time after receiving Cohen's report; (2) Cohen's report did not actually opine that Navarro was unable to appreciate the wrongfulness of his conduct or to conform his behavior to the requirements of law; and (3) it was unlikely that an additional evaluation could be performed while still meeting the State's speedy trial demand.

¶6    Navarro filed a petition for leave to appeal, seeking interlocutory review of the denial of his motion to change his pleas. This court denied the petition, noting that the circuit court's decision was discretionary and would be preserved for review after trial.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶7     Navarro subsequently entered a guilty plea to a reduced charge of first-degree reckless homicide.  He now appeals, seeking review of the denial of his motion to change his pleas to the original charges from not guilty to NGI.

## DISCUSSION

¶8     By entering a valid plea of guilty or no contest, a defendant forfeits the right to raise nonjurisdictional defects and defenses—including claimed violations of most constitutional rights.  *See State v. Kelty*, 2006 WI 101, ¶¶18 & n.11, 34, 294 Wis. 2d 62, 716 N.W.2d 886 (setting forth the "guilty-plea-waiver rule"); *see also State v. Lasky*, 2002 WI App 126, ¶11, 254 Wis. 2d 789, 646 N.W.2d 53 (regarding an exception for double jeopardy claims).  Because the guilty-plea-waiver rule is a rule of administration, this court retains the authority to review an issue forfeited under the rule.  *Kelty*, 294 Wis. 2d 62, ¶18.  We may choose to exercise our discretion to review a forfeited issue when the issue is of statewide importance or its resolution will serve the interests of justice and there are no outstanding factual issues.  *State v. Grayson*, 165 Wis. 2d 557, 561, 478 N.W.2d 390 (Ct. App. 1991).  In doing so, we may also take into account such factors as any administrative costs and time saved by avoiding an unnecessary and protracted trial; the presentation of the issue raised on appeal before the circuit court; whether it appears that the defendant appealed because the sentence was more severe than hoped for; and a lack of published decisions addressing the issue. *County of Ozaukee v. Quelle*, 198 Wis. 2d 269, 275-76, 542 N.W.2d 196 (Ct. App. 1995), *abrogated on other grounds by Washburn County v. Smith*, 2008 WI 23, 308 Wis. 2d 65, 746 N.W.2d 243.

¶9     Here, Navarro does not assert that his guilty plea was invalid or that the NGI-plea issue he wishes to raise on appeal is jurisdictional in nature or

otherwise exempt from the guilty-plea-waiver rule. He instead asks this court to exercise our discretion to address his forfeited issue, asserting: (1) the issue was litigated in the circuit court prior to the entry of Navarro's plea; (2) proceeding to trial would have been an unnecessary waste of time and money merely to preserve the issue when there was otherwise overwhelming evidence of Navarro's guilt; (3) Navarro would be risking a greater sentence by reinstating the original first-degree intentional homicide charge, showing that he is not seeking to withdraw his plea merely due to disappointment in his sentence; (4) the issue is of statewide importance because there are no published cases dealing with an NGI request made more than four days before trial; and (5) the resolution of the issue would serve the interests of justice.

¶10    First, we agree that Navarro's litigation of the NGI issue weighs somewhat in favor of reviewing the issue. That said, if this court were to exempt all issues that have been litigated prior to entry of a plea from the guilty-plea-waiver rule, the exception would swallow the rule. WISCONSIN STAT. § 971.31(10) already permits appellate review of a suppression ruling following a guilty plea. The litigation of other issues therefore carries little weight in this court's decision whether to exercise our discretion to review an issue notwithstanding its forfeiture.

¶11    Second, we also agree that the overwhelming evidence of Navarro's guilt weighs somewhat in favor of an exception on the grounds of judicial economy. Again, however, we give this factor little weight because it threatens to swallow the rule. It is frequently the case that a defendant who decides to enter a plea is facing a strong case by the State.

¶12 Third, Navarro asked the circuit court for a sentence with only ten years of initial confinement. The court ultimately imposed thirty years of initial confinement, which was three times the amount requested by the defense, and approximately double the eighteen to twenty-two years of initial confinement recommended by the PSI. We therefore cannot discount the possibility that disappointment with his sentence played a role in Navarro's request to withdraw his plea, even if he is now willing to risk a greater sentence for the possibility of avoiding criminal responsibility altogether. On the other hand, Navarro's attempt to seek interlocutory review before entering a plea indicates that he was genuinely concerned about the issue. Taking all of these points into account, this factor does not weigh either way in our decision.

¶13 Fourth, we do not agree that the NGI-plea issue Navarro presents is one of statewide importance. As Navarro himself acknowledges, a circuit court's decision whether to allow a defendant to change his or her plea to NGI is discretionary. *See State v. Oswald*, 232 Wis. 2d 103, ¶49, 606 N.W.2d 238 (1999). Such decisions are inherently fact-based and focused on the circumstances in the case, which limits their general applicability. In line with this point, Navarro does not allege that the circuit court based its decision in this case on the wrong legal standard. Rather, he challenges the court's application of the legal standard to the specific facts of this case. Contrary to Navarro's assertion, we do not view the length of time between the filing of his NGI motion and the trial in this case to be a significantly different circumstance than other published cases already addressing this issue.

¶14 Fifth, after making a bald assertion that review of his NGI-plea issue would serve the interests of justice, Navarro offers no argument as to why that fact would be so. It may be fairly inferred from Navarro's petition for leave to appeal

that he was aware that he would forfeit the issue by entering a guilty plea to the amended charge. We see nothing in the record that suggests it would be inherently unfair to hold him to that forfeiture.

¶15 On balance, we are not persuaded that the circumstances here warrant review of Navarro's forfeited claim that he should have been allowed to change his not guilty pleas to the original charges to NGI pleas. The factor of primary relevance to this court is that the circuit court's decision was a discretionary one that does not present an issue of statewide concern.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.