In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1833

WILLIAM L. AVILA,

*Petitioner-Appellant,*

*v.*

REED A. RICHARDSON,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 12-C-228 — **William E. Callahan, Jr.**, *Magistrate Judge.*

ARGUED APRIL 18, 2014 — DECIDED MAY 7, 2014

Before BAUER, EASTERBROOK, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. The Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2254(d) to narrow the power of federal courts to grant habeas corpus relief to state prisoners. Under that Act, the critical question on the merits of most habeas corpus petitions shifted from whether the petitioner was in custody in violation of the Constitution, laws, or treaties of the United States to a much

narrower question: whether the decision of the state court keeping the petitioner in custody was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts … ." 28 U.S.C. § 2254(d). This appeal from the denial of habeas corpus relief presents a relatively rare case, one in which the state court affirmed the petitioner's conviction by applying a rule of law directly contrary to controlling precedent of the Supreme Court of the United States. We reverse the denial of relief and remand for further proceedings in the district court, including an evidentiary hearing on the petitioner's claim.

Petitioner William Avila pleaded guilty in Wisconsin state court to one count of repeated sexual assault of a child, as well as one count of producing child pornography and sixteen counts of possessing it. See Wis. Stat. §§ 948.025, 948.05, 948.12. He was sentenced to a total of 35 years in prison. The case is now before us on Avila's petition for a writ of habeas corpus. Among many other claims, he attacks the voluntariness of his guilty plea on the ground that his attorney told him he would receive just five years if he pleaded guilty. The Wisconsin Court of Appeals concluded that by pleading guilty, Avila had waived any challenge to his counsel's performance. The state court's reasoning was flatly contrary to *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985), which held that a criminal defendant can challenge his guilty plea if the plea itself was the result of ineffective assistance of counsel. Because there has been no opportunity for factual development of the issue, all we can say about the merits of Avila's claim at this point is that he is entitled to make it.

The few facts before us can be summarized briefly. Avila was accused of sexually assaulting an eight-year-old boy. He told police that he had abused the boy more than twenty times, including one instance when Avila had drugged and raped him. A search of Avila's computer revealed more than a thousand images of child pornography along with a sexually explicit video of his victim. Avila was charged with sexually assaulting the child, producing child pornography (which Wisconsin terms sexual exploitation of a child), and 48 counts of possessing child pornography, of which 32 were dismissed in exchange for his guilty plea. At sentencing, the state recommended 60 years in prison, the presentence report recommended 31 to 38 years, and Avila's attorney asked for eight years. The judge imposed consecutive sentences of 20 years for sexual assault, ten years for sexual exploitation, and five years for each of the possession charges, the last of these to be served concurrently with one another. In addition, Avila was sentenced to 20 years of extended supervision after his release.

Avila's appellate counsel identified only frivolous grounds for appeal and so submitted a no-merit report to the Wisconsin Court of Appeals. See Wis. Stat. § 809.32; *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429 (1988) (upholding procedure). Avila responded with a long list of arguments. The only one relevant here is his claim that he received ineffective assistance of counsel when his attorney told him that if he pleaded guilty, he would receive just five years of imprisonment and ten years of supervision. Avila said he was never informed of the true severity of the sentence he faced and he would have refused to plead guilty on those terms.

The state appellate court adopted the reasoning of the no-merit report and rejected the claims Avila raised in his response. In the passage critical to this appeal, the court rejected Avila's argument that he received ineffective assistance in connection with the plea agreement: "Avila's claims that trial counsel performed deficiently before entry of the guilty pleas were waived by his guilty pleas." To support this conclusion, the court cited *State v. Lasky*, 646 N.W.2d 53 (Wis. App. 2002), for the proposition that "a defendant's valid guilty plea waives the right to raise nonjurisdictional defects and defenses, including claimed violations of constitutional rights." The appellate court did not address the merits of Avila's claim. Avila sought review by the Wisconsin Supreme Court, which declined to hear his case. He then filed in the district court a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The district court denied Avila's petition and denied him a certificate of appealability as to any of the issues he raised. With respect to the issue here, the court followed without further analysis the state court's conclusion that "Avila's various claims that trial counsel performed deficiently before entry of the guilty plea were waived by his guilty plea." Avila appealed from that decision, which we construed as a request for a certificate of appealability. See Fed. R. App. P. 22(b)(2). A judge of this court granted the certificate as to whether Avila had received ineffective assistance in pleading guilty, citing *Koons v. United States*, 639 F.3d 348, 350–51 (7th Cir. 2011), in which we noted that a habeas petitioner "can challenge the validity of his guilty plea by demonstrating that he received ineffective assistance from counsel during the plea process."

We review *de novo* the district court's denial of Avila's petition. *Harris v. Hardy*, 680 F.3d 942, 948 (7th Cir. 2012). We may grant relief if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is contrary to clearly established federal law if the court applies a rule that plainly contradicts the Supreme Court's governing rule or if it comes to a result different than did the Supreme Court on substantially identical facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

The clearly established federal law applicable here is the holding of *Hill v. Lockhart* that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58, citing *Strickland v. Washington*, 466 U.S. 668 (1984). As explained in *Hill*, a criminal defendant who pleads guilty on the advice of counsel can challenge that plea as having not been made knowingly and voluntarily if his attorney's representation fell below an objectively reasonable standard. 474 U.S. at 56. The defendant must also show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." *Id.* at 59.

That is the situation Avila has described in his response to the no-merit brief and at every stage of review since then. But rather than looking to *Hill v. Lockhart*, the state court applied the more general rule that a guilty plea waives nonjurisdictional defects and defenses, including constitutional claims, as explained in the case the state court cited, *State v. Lasky*, 646 N.W.2d at 57; accord *United States v. Villegas*,

388 F.3d 317, 322 (7th Cir. 2004). The exception recognized in *Hill* for ineffective assistance in deciding to enter the plea, however, is clearly established in both the federal and state courts. See, e.g., *Villegas*, 388 F.3d at 322; *Johnson v. Duckworth*, 793 F.2d 898, 899 (7th Cir. 1986); *State v. Kelty*, 716 N.W.2d 886, 888–89 (Wis. 2006), citing *State v. Bentley*, 548 N.W.2d 50 (Wis. 1996). The state court's conclusion that Avila could not challenge his counsel's performance after pleading guilty cannot be reconciled with the Supreme Court decision making clear that he could and thus was "contrary to" clearly established federal law.

The state suggests that we overlook the state court's erroneous statement that Avila's claims "were waived by his guilty pleas," characterizing it as a superfluous statement of a general principle, a "fugitive sentence" in an otherwise unobjectionable opinion that should be read to have implicitly applied the correct rule of *Strickland*. A peculiarity of habeas corpus jurisprudence is that if the state court had simply denied Avila's claim without explanation, we would be required to assume that the court had applied *Strickland*, and we could grant relief only if the petitioner proved the negative by showing there was no reasonable basis for the result reached by the state court. See *Harrington v. Richter*, 562 U.S. —, —, 131 S. Ct. 770, 784 (2011); cf. *Early v. Packer*, 537 U.S. 3, 8 (2002) (state court need not cite or even know Supreme Court cases so long as "neither the reasoning nor the result" of its decision contradicts them). But here the state appellate court did explain its reasoning. Because that reasoning contradicted clearly established federal law as determined by the Supreme Court, § 2254(d) is not a barrier to relief.

The existing factual record, however, is not adequate to determine whether Avila's counsel was actually ineffective and, if so, whether Avila can show that but for the ineffective assistance, he would have insisted on going to trial. See *Hill*, 474 U.S. at 58–59 (standard for relief); *Mosley v. Atchison*, 689 F.3d 838, 853 (7th Cir. 2012) (whether "the petitioner is actually entitled to relief … is a separate question" from whether the state court's decision was contrary to federal law). Avila therefore asks that we remand to the district court for an evidentiary hearing.

AEDPA forecloses federal-court fact-finding, except in certain unusual circumstances not present here, if "the applicant has failed to develop the factual basis of a claim in State court proceedings." § 2254(e)(2). A "failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432; see also *Davis v. Lambert*, 388 F.3d 1052, 1060–61 (7th Cir. 2004). We see no such lack of diligence in this case. Avila has consistently presented his claim at each stage of post-conviction proceedings, without the benefit of counsel or the opportunity to collect evidence.

Because a hearing is not barred by § 2254(e), Avila is entitled to an evidentiary hearing if he can satisfy the pre-AEDPA standard. He must show "(1) the petitioner alleges facts which, if proved, would entitle him to relief and (2) the state courts, for reasons beyond the control of the petitioner, never considered the claim in a full and fair hearing." *Davis*, 388 F.3d at 1061. Avila has met the first requirement. He has alleged that his attorney seriously understated the sentence he faced and that he would have elected to face trial if better

counseled. Those allegations, if proved, could warrant relief under *Hill*. He has also satisfied the second requirement. For reasons outside Avila's control—namely, the legal error about waiver—the state courts never gave his claim a full and fair hearing. See *id.* at 1066.

Because the state court's finding of waiver was contrary to clearly established Federal law as stated by the Supreme Court of the United States and because Avila has otherwise alleged a viable claim, he is entitled to develop that claim through an evidentiary hearing in the district court. We REVERSE the district court's judgment denying of habeas corpus relief and REMAND for an evidentiary hearing on Avila's claim of ineffective assistance in connection with his guilty pleas.