NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2015
Decided November 30, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1201

| | |
|---|---|
| WILLIAM L. AVILA,<br>       *Petitioner-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
|    *v.* | No. 2:12-cv-00228-WEC |
| REED A. RICHARDSON,<br>       *Respondent-Appellee*. | **William E. Callahan, Jr.**,<br>*Magistrate Judge*. |

**O R D E R**

Petitioner William L. Avila seeks federal habeas corpus relief from his state court convictions for sexually assaulting a child, sexually exploiting a child, and possessing child pornography. Avila pled guilty under a plea agreement that left each side free to make its own sentencing recommendation. The state court sentenced Avila to 35 years in

prison.

Avila seeks habeas relief on the ground that he received ineffective assistance of counsel. His primary theory has been that his lawyer was ineffective in telling him he faced only a five-year sentence, and that if he had known he faced a much heavier sentence, he would not have pled guilty. In an earlier appeal, we reversed a denial of relief and ordered an evidentiary hearing in the district court. *Avila v. Richardson*, 751 F.3d 534 (7th Cir. 2014). The district court held the hearing and again denied relief. Avila's new appeal from that decision has been referred to the earlier panel as a successive appeal. After reviewing the briefs, we concluded that oral argument was not necessary. Based on the district court's findings of fact, which were not clearly erroneous, we affirm the denial of relief.

The first issue is whether Avila showed as a matter of fact that his trial lawyer told him he faced only five years in prison. If the lawyer had in fact given such wildly mistaken advice, and if Avila had relied on it in deciding to plead guilty, those facts could support a claim for ineffective assistance of counsel. See *Avila*, 751 F.3d at 537; see also *Pidgeon v. Smith*, 785 F.3d 1165, 1173 (7th Cir. 2015) (affirming grant of federal habeas relief where guilty plea was based on erroneous advice about possible sentence); *Moore v. Bryant*, 348 F.3d 238, 242 (7th Cir. 2003) (same).

The district court heard conflicting evidence from Avila and his lawyer. The judge believed the lawyer's testimony that he did not give and would never have given such mistaken advice. That factual finding requires denial of relief unless it was clearly erroneous. See, e.g., *Williams v. Bartow*, 481 F.3d 492, 497 (7th Cir. 2007); *Whitehead v. Cowan*, 263 F.3d 708, 717 (7th Cir. 2001). A trier of fact's decision to credit one witness over another is virtually never clear error, e.g., *United States v. Mays*, 819 F.3d 951, 956–57 (7th Cir. 2016); *United States v. Biggs*, 491 F.3d 616, 621 (7th Cir. 2007), and there was no clear error here.

On appeal, Avila argues that the judge should have believed him because his memory of the case was more specific than the lawyer's. That could be a plausible argument to a trier of fact, though a witness's specificity is not a consistently reliable gauge of his reliability. In this case there were also ample reasons to discount Avila's improbable account. Avila candidly recognized that the lawyer might have told him only that he would ask the judge for a five-year sentence, not that such a light sentence was likely in such a serious case of repeated sexual abuse and exploitation of a child, which also included the use of drugs to make the victim drowsy and cooperative. Avila's incentive to lie or to allow his memory to distort actual events in a way that favors his case also weighed against his credibility. The district court's factual finding undermined this theory of ineffectiveness.

On remand, the parties also presented extensive evidence on a second theory of ineffective assistance of counsel. Avila claimed that his lawyer should have filed a motion to suppress evidence based on an arguable *Miranda* violation in the form of continued police questioning after Avila said he wanted to talk to a lawyer. The district court wondered whether that topic was even within the scope of our earlier remand. We confess to some surprise as well, since that issue did not come up in the briefing in the earlier appeal. The earlier appeal, however, addressed a waiver issue that applied to any particular theory of ineffectiveness. In that appeal, the parties simply did not have occasion to explore the details of the specific theories of ineffectiveness.

In any event, the State did not raise any of the numerous potential procedural issues that might have been raised. It defended the claim on the merits, and the district court also decided it on the merits. So do we. The parties also agree that the state courts never adjudicated Avila's claim of ineffective assistance on the merits. The deferential review under 28 U.S.C. § 2254(d), which dominates most modern federal habeas litigation, therefore does not apply here. See Appellee's Br. at 4.

To prove that a lawyer provided ineffective assistance by failing or choosing not to file a motion to suppress evidence, the petitioner must show at a minimum that such a motion would have been successful. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006); *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). According to the district court's findings of fact, which were not clearly erroneous, when police first interviewed Avila at the police station, they gave him *Miranda* warnings and said they wanted to talk with him about a sexual assault. Avila said he wanted to consult a lawyer. When a suspect invokes his right to have counsel present during custodial interrogation, the interrogation must stop until the suspect has met with counsel. *Edwards v. Arizona*, 451 U.S. 477, 484 (1981). In such cases, however, a suspect may change his mind and initiate further conversation with the police without counsel. See *Oregon v. Bradshaw*, 462 U.S. 1039 (1983); *Edwards*, 451 U.S. at 486 n.9. The devilish details, however, lie in determining when a suspect has made a truly voluntary decision to initiate the further conversation, as shown by the multiple opinions in *Bradshaw*.

In this case, the interrogation stopped, but the officer continued to put information in front of Avila in an apparent effort to encourage him to continue talking without a lawyer present. In response to this encouragement, Avila made several incriminating comments. He also volunteered to the officer: "I was an idiot for what I did." Avila later consented in writing to further interrogation and to a search of his computer.

Avila now argues that his trial lawyer was ineffective in not moving to suppress all of the incriminating evidence generated by arguably improper continued

interrogation and prompting by the police. The biggest problem with this theory is that the case against Avila did not depend on evidence derived from any arguable violation of his *Miranda* rights. There was plenty of other evidence, including the testimony of the victim and messages Avila himself had sent to the victim's mother, as well as the contents of Avila's computer, for which police had ample grounds to obtain a search warrant if Avila had not saved them the trouble by consenting to the search.

As the district court noted, even if a motion to suppress had been successful, "the case was not going away." The court therefore found that Avila's lawyer pursued a reasonable strategy by having him accept responsibility for his actions and seeking a more lenient sentence. The district court found that the lawyer's performance was not deficient and that Avila's theory for how a motion to suppress might have helped him was speculative.

We find no error in the district court's analysis. The judge carefully avoided the distorting effects of hindsight by looking at the situation Avila's lawyer faced at the time. Like the district court, we assume there were arguable grounds for suppressing a few incriminating admissions Avila had made, though success was by no means assured. Even a successful motion would have left the State with plenty of powerful evidence against Avila. In those circumstances, it was not unreasonable for a lawyer to negotiate a plea agreement without filing an arguably meritorious motion to suppress evidence that was not critical to the prosecution.

The district court's denial of petition for a writ of habeas corpus is

AFFIRMED.