In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1005

ANTHONY D. LEE, SR.,

*Petitioner-Appellant*,

*v.*

KEVIN KINK, Warden, Lawrence Correctional Center,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 00183 — **Edmond E. Chang**, *Judge*.

ARGUED OCTOBER 22, 2018 — DECIDED DECEMBER 21, 2018 —
AMENDED ON DENIAL OF REHEARING JANUARY 25, 2019

Before FLAUM, EASTERBROOK, and SCUDDER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. After a bench trial, Anthony Lee was convicted of kidnapping and rape. He is serving sentences that add to 100 years' imprisonment. The state-court judge found that Lee and his friend Burlmon Manley forcibly abducted L.M. about 1 A.M. one day, dragging her into their blue Cadillac while she kicked and screamed. Both

Manley and Lee struck and raped L.M. When L.M. resisted, Lee retrieved a pistol from the car's trunk to make her more cooperative. About 3 A.M. L.M. escaped and ran naked to a nearby house. Police took pictures of L.M.'s bloody face. Lee, the only defense witness, said that L.M. entered the car voluntarily and that he did not touch her sexually—though before trial Lee said that he and L.M. had consensual oral sex. The state judge found that L.M.'s testimony about her ordeal was "very credible" and stated that the pictures showing her injuries, and the testimony of the person who opened the door to L.M., negated the defense of consent. Lee's convictions were affirmed on direct and collateral review. See *People v. Lee*, 2016 IL App (1st) 152425 (June 30, 2016).

Lee's federal petition under 28 U.S.C. §2254 contends that he did not receive effective assistance of counsel. He asserts that before trial his lawyer received five affidavits that corroborated Lee's story or provided exculpatory details, but that counsel did not interview the affiants. In Lee's postconviction proceedings the state judiciary did not hold an evidentiary hearing. The appellate decision concluded that none of the five affidavits is *necessarily* inconsistent with Lee's guilt, while the evidence against him is strong, so the absence of these witnesses at trial was not prejudicial. The federal district judge held that the state court's decision was not unreasonable, and he denied Lee's petition. *Lee v. Lamb*, 2017 U.S. Dist. LEXIS 198451 (N.D. Ill. Dec. 4, 2017).

The state court's decision includes the text of the affidavits, and the district court's decision summarizes them. It is enough for current purposes to give the flavor of how those courts treated the affidavits. Here is the district court's dis-

cussion of affidavits signed by Brian and Gayland Massenburg:

> [T]he Massenburgs stated that they witnessed a white woman get into a blue Cadillac. If the woman was indeed L.M., this testimony would have contradicted L.M.'s assertion that she was dragged kicking and screaming into the car, and would have supported Lee's testimony that L.M. willingly joined him and Manley. But, as the [Illinois] Appellate Court noted, there are some problems with the proposed testimony. First, the Massenburgs identified the wrong date in their affidavits, stating that the event they witnessed was on April 16, when the crime in fact happened on April 15. Even without the date mix-up, the Illinois Appellate Court reasoned that still the Massenburg's [sic] testimony would not have affected the outcome because their affidavits do not clearly identify L.M., Lee, or Manley. The affidavits state only that the Massenburgs saw a white woman get into a blue Cadillac with two men, but did not provide names or detailed descriptions. Of course, if defense counsel had called these witnesses at trial, then he might have been able to elicit more detail to establish the likelihood that the individuals the Massenburgs saw were the victim and the defendants. But this testimony was not developed (and still has not been developed), and the Appellate Court was limited to the affidavits alone. It was not unreasonable for the Appellate Court to conclude, on the limited record available, that the Massenburg's [sic] testimony had ambiguities that would diminish its exculpatory value.

2017 U.S. Dist. Lexis 198451 at *16–17 (footnote and citations omitted). This analysis would be convincing, if the law prevented a court from going beyond the affidavits on collateral review. But it does not; a federal court may hold an evidentiary hearing if, through no fault of petitioner's, the state-court record lacks essential facts. 28 U.S.C. §2254(e)(2).

The district judge was right to observe that, "if defense counsel had called these witnesses at trial, then he might have been able to elicit more detail to establish the likelihood

that the individuals the Massenburgs saw were the victim and the defendants." At trial the Massenburgs may have avoided the date error and positively identified L.M., Lee, or Manley. Yet there are many blue Cadillacs in the world, so the Massenburgs also might have stated that they did *not* see L.M., Lee, or Manley. Perhaps Lee's lawyer interviewed them and they told him these things, which if so would explain why he did not call them at Lee's trial. Counsel told the state judge at a pretrial conference that "I just have not had time to meet with all these people", but we don't know what, if anything, he did to investigate their potential testimony between then and trial. Perhaps he tried to interview the Massenburgs but could not find them. We just don't know.

The state judiciary's conclusion that the Massenburgs' testimony would not have helped Lee depends on an unstated belief that, if called at trial, they would have parroted their affidavits and refused to say another word. That's unlikely. They might have provided exculpatory testimony, and then, if counsel neglected to contact them (another issue on which the record is short of evidence), a finding of ineffective assistance could follow. See, e.g., *Washington v. Smith*, 219 F.3d 620, 631, 635 (7th Cir. 2000); *Hall v. Washington*, 106 F.3d 742, 749–50 (7th Cir. 1997).

After oral argument we invited counsel for both sides to file supplemental briefs addressing whether Lee sought an evidentiary hearing in state court, what evidence he proposed to present, and (if Lee asked) why the state judiciary declined to hold a hearing. Counsel representing Illinois did not respond to this invitation, but Lee responded with enthusiasm and, more important, details. The state-court rec-

ord contains more than a dozen express requests for evidentiary hearings—and, as far as we could see, no explanation by any state judge why these requests were denied. (Indeed, most of the requests do not appear to have been ruled on.)

Section 2254(e)(2) begins: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that … ." The "unless" clause does not apply, so if Lee "has failed to develop the factual basis of [his] claim" he cannot receive an evidentiary hearing. Yet the affidavits, plus the multiple requests for hearings, show that he did try to develop a record in state court.

What one can say against this is that Lee did not articulate in state court, as clearly as his lawyers have articulated in this appeal, the subjects that a hearing would have covered: what the affiants would have said, had they been called at trial (and whether trial counsel ever met with them to learn what they would have said, if called). Yet by asking for a hearing to explore an ineffective-assistance theory—a theory supported by multiple affidavits—Lee strongly implied what topics would be covered at a hearing. This makes it impossible to say that Lee has "failed to develop [in state court] the factual basis of" his claim. He did what he could, and the absence of evidence about what the trial would have been like, had these affiants testified, must be attributed to the state judiciary's failure to afford him a hearing. He is entitled to one in federal court, and the case is remanded so that one can be held and we can learn what his attorney did (or omitted) and what the affiants would have said on the stand at trial. Only once that information has been gathered

can the district court make a reliable decision about the in-effective-assistance claim.

Our analysis has an additional implication: By deciding the merits without receiving the evidence that Lee sought to have considered, the state judiciary acted unreasonably. Illinois observes that *Cullen v. Pinholster*, 563 U.S. 170, 180–86 (2011), holds that, when 28 U.S.C. §2254(d)(1) requires a federal court to reject a collateral challenge, the court may not hold an evidentiary hearing and consider evidence not presented to the state judiciary. Illinois wants us to treat this as equivalent to a rule that state courts may insulate their decisions from federal review by refusing to entertain vital evidence. Yet a state court's refusal to consider evidence can render its decision unreasonable under §2254(d)(2) even when its legal analysis satisfies §2254(d)(1).

Section 2254(d)(2) provides that "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" lacks the shelter of §2254(d) as a whole. If the affidavits were all Lee had offered to the state judiciary, then its decision may have been a reasonable application of the law to a reasonable determination of the facts. But Lee wanted to introduce more, and the state barred the door. *Pinholster* concerns the application of §2254(d)(1) to a state court's legal reasoning; it does not prevent a federal court from finding factual aspects of a state court's decision unreasonable under §2254(d)(2). See 563 U.S. at 184–85 & n.7. By assuming that the language of the five affidavits would have been the totality of the witnesses' testimony had they been called at trial, the state made an unreasonable factual determination under

§2254(d)(2), which permits a federal evidentiary hearing under §2254(e)(2).

VACATED AND REMANDED