In the

# United States Court of Appeals

## For the Seventh Circuit

No. 23-1397

DANTE SMALL,

*Petitioner-Appellant,*

*v.*

RYAN WOODS,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cv-03658 — **Franklin U. Valderrama**, *Judge.*

ARGUED JANUARY 15, 2025 — DECIDED JULY 29, 2025

Before ROVNER, JACKSON-AKIWUMI, and MALDONADO,
*Circuit Judges.*

JACKSON-AKIWUMI, *Circuit Judge.* Dante Small faced one
count of battery and two counts of attempted murder for hit-
ting one police officer with a car and narrowly missing an-
other. He argues that his trial attorney grossly misadvised
him about his sentencing exposure, causing him to reject the
government's plea offer and proceed to trial. After an Illinois
jury convicted Small on all counts, the trial judge sentenced

him to the mandatory minimum of 40 years in prison. Now
on federal habeas review, Small alleges ineffective assistance
of counsel. Because the state court made an unreasonable de-
termination of fact when evaluating Small's petition and be-
cause Small has shown he is entitled to a hearing to develop
the factual record, we remand for an evidentiary hearing. This
is a limited remand, and we take no position on whether ha-
beas relief will be warranted following that evidentiary hear-
ing.

## I

### A.  Pretrial Proceedings

A year and a half before Small's trial began in the Circuit
Court of Cook County, Illinois, his attorney, Adolfo Sim-
monds, stated on the record that Small wished to negotiate a
plea agreement. The next month, Simmonds told the trial
court that Small instructed him to "ask for an offer from the
state" and that Simmonds was in "preliminary negotiations
with the state with regard to disposition short of trial." The
record contains no other mention of plea negotiations until a
year later at the pretrial hearing. During that hearing, the par-
ties and the trial judge had the following exchange:

> COURT: Now, what about any needs for [Peo-
> ple v.] Curry [687 N.E.2d 877 (Ill. 1997)] admon-
> ishments? The defendant is charged with at-
> tempt first degree murder of a police officer,
> which if convicted here is a minimum sentence
> of 21 years on the bottom. Are there any need
> for Curry admonishment? Have you made any
> offers less than that.

> DEFENSE COUNSEL (Simmonds): Judge, we have not been made an offer at this point.
>
> THE COURT: And you have not asked for an offer up to this point?
>
> DEFENSE COUNSEL: No, I haven't.
>
> PROSECUTOR: I think the minimum was 20, Your Honor. We did make an offer of 20.
>
> DEFENSE COUNSEL: You did? Oh, but that's not below the minimum.
>
> PROSECUTOR: That's not below, that's the minimum.
>
> THE COURT: So you had an offer of what?
>
> PROSECUTOR: Twenty.
>
> THE COURT: Your offer was 20?
>
> PROSECUTOR: Yes.
>
> DEFENSE COUNSEL: On the primary charge.
>
> PROSECUTOR: Exactly.
>
> THE COURT: Okay.
>
> DEFENSE COUNSEL: Which has been rejected.
>
> THE COURT: It's been rejected. So everybody is ready to go forward?
>
> DEFENSE COUNSEL: Yes.

The parties do not dispute that, despite whatever one can glean from the exchange above, Small actually faced a mandatory minimum of 40 years' imprisonment, not 20 or 21 years. In Illinois, attempted murder carries a sentencing range

of 6 to 30 years with a concurrent sentencing default. 720 ILCS 5/8-4(c)(1); 730 ILCS 5/5-4.5-25(a); 730 ILCS 5/5-8-4(a). But where, as here, the victim is a police officer performing their duties, the sentencing range jumps to 20 to 80 years. 730 ILCS 5/5-8-4(d)(1). And when the victim suffered severe injury, which the government alleged here, consecutive sentences are mandatory. 720 ILCS 5/8-4(c)(1)(A). Thus, the correct mandatory minimum range of 40 to 160 years is the product of 20 to 80 years served consecutively on each attempted murder count. As for the battery, in Illinois, a conviction for battery will merge into a conviction for attempted murder of the same person. *See People v. Coats*, 104 N.E.3d 1102, 1105–06 (Ill. 2018) (explaining "one-act, one-crime" rule). So, the parties agree, Small was subject to a consecutive sentence if convicted of both attempted murders, and no additional time if also convicted of the battery.

Hours after the exchange excerpted above, Small went to trial. The jury convicted him of all three counts and the judge sentenced him to the mandatory minimum of 40 years in prison.

### B.  Post-trial Proceedings

After exhausting his direct appeal to the Appellate Court of Illinois, Small returned to the state trial court to file a pro se post-conviction petition. In the petition, he argued, as relevant here, that his counsel provided ineffective assistance by failing to advise him of the applicable sentencing range and that he would have accepted a plea if he knew of the true exposure. He explained that Simmonds told him and his family that he faced 6 to 30 years. Small also explained that the prosecutor offered him a plea deal for 10 years (by dropping the attempted murder charges and allowing him to plea to the

battery). Small stated that had he known about the true sentencing exposure, he would have taken the plea "without a doubt." He told the court that he had several affidavits supporting his contention that his attorney informed him of the wrong sentencing range, but the prison had confiscated them. He attached a formal prison grievance about the missing affidavits to his habeas petition. He then requested an evidentiary hearing.

The state trial court summarily denied Small's petition, finding that the pretrial hearing transcript "refute[d] petitioner's contention that the State offered 10 years' imprisonment because it is clear the State offered the minimum of 20 years, and petitioner rejected that offer." *See* Order Denying Post-Conviction Petition at 10, *People v. Small*, No. 10 CR 1594901 (Ill. Cir. Ct. Cook Cnty. June 29, 2017). The court did not discuss Small's evidence that he was misadvised or other record evidence of earlier plea negotiations.

Small then pressed his post-conviction claims in the Appellate Court of Illinois, arguing again that he was misinformed of the sentencing range by his counsel. The state appellate court affirmed the summary dismissal of Small's habeas petition, reasoning that his "legal theory and factual allegations [were] contradicted by the record." *People v. Small*, 2019 IL App (1st) 171929-U, ¶ 1 (*Small I*). That court held that the pretrial hearing transcript showed that the State offered Small a 20-year plea deal for attempted murder, not a 10-year deal for battery. The court reasoned that transcript also showed the 20-year offer was the statutory minimum for one count of attempted murder of a police officer, which the court concluded, "contradicted [Small's] post-conviction argument regarding the nature of the offer relayed to him by counsel, as

well as his argument that he rejected the plea offer because he was misinformed that he faced a minimum sentence of less than 20 years if convicted of all charges." *Small I*, ¶ 47. The Supreme Court of Illinois denied Small's petition for leave to appeal.

Next, Small filed a pro se federal habeas petition pursuant to 28 U.S.C. § 2254. He renewed his argument that his attorney incorrectly advised him about the sentencing exposure, and he again requested an evidentiary hearing. Small attached a letter from his direct appeal attorney saying that his trial counsel's "position is that he wanted [Small] to take a plea for 10 years but he could not get [Small] to take it."

The district court declined to hold an evidentiary hearing, denied the petition, and denied a certificate of appealability. It found that the state appellate court's denial of Small's claim was not unreasonable because "there [was] only evidence of a 20-year offer." Order Denying Habeas Corpus Petition at 41, *Small v. Miles*, No. 20 C 3658 (N.D. Ill. Jan. 13, 2023) (*Small II*).

Small appealed. We granted a certificate of appealability and appointed counsel. Small requests that we grant his petition for habeas relief or, alternatively, order an evidentiary hearing so he can present evidence that his attorney advised him and his family members that he would face 6 to 30 years in prison and did not advise him that consecutive sentencing would double the minimum. He also wishes to introduce the letter from his direct appeal attorney stating that Simmonds's position is that the State's best offer was a 10-year plea.

## II

We first address the State's argument that Small failed to exhaust his claims in state court and then failed to raise them in federal court, so his claims are not preserved for our review. Then, we turn to the merits of Small's petition under the Antiterrorism and Effective Death Penalty Act (AEDPA) and 28 U.S.C. § 2254.

### A. Procedural Preservation

To preserve a claim for habeas review, a petitioner must fairly present it through "one complete round of the [s]tate's established appellate review process" by setting forth the controlling law and the operative facts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A) (stating that a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). For ineffectiveness of counsel claims, the petitioner "must have identified the specific acts or omissions of counsel that form the basis for [his] claim of ineffective assistance." *Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009) (citation modified).

The State contends that since Small argued he was offered a 10-year plea deal in state court and on appeal argues that he was offered a 20-year plea, his claim is defaulted. But the State's argument takes too narrow a view of Small's claims. Small only needed to "alert the state court to the basis of his constitutional claim." *Brown v. Eplett*, 48 F.4th 543, 555 (7th Cir. 2022); *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) ("[T]he substance of a federal habeas corpus claim must first be presented to the state courts."). Modifying a claim is

permissible as long as the core substance of the claim remains the same. *See Villanueva v. Anglin*, 719 F.3d 769, 776 (7th Cir. 2013).

The core substance of Small's claim is unchanged from his state post-conviction arguments: he received ineffective assistance because his attorney misadvised him of the relevant sentencing exposure, which caused him to reject a plea he would have taken if properly advised. His state habeas petition described his claim: "[T]rial counsel never told [Small] that if he was ever to be convicted his sentence would have to run consecetively [sic] as oppose[d] to concurrant [sic]." The petition also explained that this incorrect advice "prejudiced the defendant." That is enough to put the state court on notice of his claim. Refining his argument does not constitute a change in the core substance of his claim. *See Boyko v. Parke*, 259 F.3d 781, 789 (7th Cir. 2001) (finding an ineffectiveness of counsel claim exhausted even where the factual basis of the claim shifted because "the federal courts [had to] resolve the same question that the state courts were asked to resolve, namely whether [petitioner's] trial counsel was ineffective in failing to pursue self-defense or PTSD theories.").

The State next argues that Small failed to preserve his claim in federal district court. To show he did not forfeit his argument before the district court, Small must demonstrate that he "consistently presented the heart of" his argument. *Fox v. Hayes*, 600 F.3d 819, 832 (7th Cir. 2010). As a pro se litigant, his filings are entitled to lenient construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Small adequately preserved his ineffectiveness of counsel argument in the district court. His petition presented the main thrust of his argument: his trial counsel gave him "the wrong

information about the sentencing range … depriv[ing] him of the effective assistance guaranteed to him by the 6th Amendment," and that he would have pleaded guilty had he known the actual sentencing range he was facing. This sufficiently preserved the argument. There was no forfeiture here.

Since Small exhausted his claim in state court and adequately preserved it in federal court, we proceed to the AEDPA analysis.

### B. AEDPA

We review a district court's disposition of a habeas petition de novo. *Schmidt v. Foster*, 911 F.3d 469, 476 (7th Cir. 2018) (en banc). Like the district court, we look to the decision of the last state court to decide the merits of Small's claims, the Appellate Court of Illinois, which we will refer to as the state court. *Brown v. Davenport*, 596 U.S. 118, 141, (2022). The district court denied Small's petition because it found that the state court reasonably determined that the record "refuted the basis of [Small's] claim." Order Denying Habeas Corpus Petition at 42, *Small II*. We conclude otherwise.

The Sixth Amendment entitles a criminal defendant to "effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, 558 U.S. 4, 8 (2009) (citation modified). To demonstrate ineffectiveness of counsel, a petitioner has the burden to show that counsel's performance was deficient, and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Our review of Small's claim that he received ineffective assistance of counsel is severely limited by the AEDPA. *See* 28 U.S.C. § 2254(d). For us to review the substance of his claims,

Small must show either that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of" federal law as determined by the Supreme Court, or that the state court's analysis "resulted in a decision that was based on an unreasonable determination of fact in light of the evidence presented." *Id.*

We begin with an assessment of the state court's factfinding. Small argues that it was an unreasonable determination of fact for the state court to read the pretrial transcript to conclusively contradict Small's arguments and to deny him an evidentiary hearing when he described affidavits that would support his position.

The state court found that Small contended "he would have accepted the State's alleged 10-year offer had his counsel correctly informed him of the consecutive, 20-year minimum sentence he faced for each charge of attempted murder of a peace officer (a total of 40 years)." *Small I*, ¶ 47. Within this description of his argument there are several alleged facts: (1) the State made a 10-year offer, (2) Small was not advised of the consecutive 20-year minimum, and (3) Small would have accepted the offer had he known. The state court then turned to the pretrial transcript. It read the transcript to say: (1) the State's offer "was *not* for a 10-year sentence," (2) the "assistant State's Attorney and defense counsel further informed the court (in defendant's presence) that the 20-year offer represented the statutory minimum for one count of attempted murder of a peace officer," and (3) Small rejected the 20-year offer. *Id.* Therefore, the state court concluded, Small's "legal theory and factual allegations [were] completely contradicted by the record." *Id.*

Regarding the first and third facts, the state court's fact-finding was reasonable. Recall, the trial court asked the parties if there was a need for a *Curry* warning, which is an admonishment designed to elicit the most favorable plea offer made to the defendant. In *People v. Curry*, the Illinois Supreme Court held the defendant was denied effective assistance of counsel when counsel failed to advise him that he faced mandatory consecutive sentences. 687 N.E.2d 877, 890 (Ill. 1997), *vacated on other grounds by People v. Hale*, 996 N.E.2d 607 (Ill. 2013). Post-*Curry*, the State can request that trial courts give so-called *Curry* admonishments, which advise the defendant of the charges, sentencing exposure, and the best plea offered by the State. *See People v. Harvey*, 853 N.E.2d 25, 32–33 (Ill. App. Ct. 2006) (describing *Curry* admonishments); *see also People v. Rivera*, 2015 IL App (1st) 131361-U, ¶ 3 (relating that the trial court asked if there was a "need for any *Curry* admonishments? In other words, have any offers been made to the defendant that are less than what he might be facing … at trial").

Here, the trial court asked if there was a need for a *Curry* admonishment, stated that the minimum for attempted murder of a police officer was 21-years, and asked if the state had "made any offers less than that." Defense counsel immediately stated that he had "not been made an offer." The prosecutor then corrected the court and defense counsel, explaining the minimum was 20 years and adding that the government "did make an offer of 20." Defense counsel responded, "You did?" And then, "Oh. But that's not below the minimum." The parties then appear to agree that there was a 20-year offer that "ha[d] been rejected."

Although the transcript is confused, it was reasonable for
the state court on post-conviction review to conclude from the
transcript that there was no 10-year offer and that a 20-year
offer had been rejected. Small would have us reason that since
plea negotiations began over a year earlier and the transcript
does not expressly say there was no other offer, it was unrea-
sonable for the state court to determine there was no other of-
fer. But there is no mention in the record of another plea offer.
And, in response to the *Curry* question, which is meant to
elicit the government's best plea offer, the parties both discuss
the 20-year offer. As such, it was reasonable for the state court
to determine, on the record before it (which did not include
the letter from Small's counsel referring to the 10-year deal),
that there was no 10-year offer, and that the 20-year offer had
been rejected.

However, the state court made an unreasonable factual
determination on Small's second point. The transcript clearly
does not address consecutive sentencing, which Small argues
he was never advised about. Yet the state court, relying solely
on the transcript, concluded that all of Small's legal and fac-
tual arguments were contradicted by the record. Specifically,
Small argued that he was not informed that he would face
consecutive sentences, meaning a mandatory range of 40 to
160 years. The state court found that the pretrial transcript
showed Small was informed that "the 20-year offer repre-
sented the statutory minimum for one count of attempted
murder of a peace officer." *Small I*, ¶ 47. This conclusion says
nothing about the consecutive requirement. The state court
repeated this omission a sentence later, when it stated that the
pretrial transcript "contradicted" Small's argument that "he
was misinformed that he faced a minimum sentence of less
than 20 years if convicted." *Id.* But even if Small knew that one

count would expose him to 20 years, his argument was that he was not advised of the mandatory consecutive nature of the sentence. The transcript does not address this. It was thus unreasonable to find that the pretrial transcript foreclosed Small's legal and factual arguments.

This error then caused the state court to summarily reject Small's petition without reviewing four affidavits from Small's family. The failure to hold a hearing could itself be an unreasonable determination of fact. *See Lee v. Kink*, 922 F.3d 772, 775 (7th Cir. 2019) ("By deciding the merits without receiving the evidence that [the defendant] sought to have considered, the state judiciary acted unreasonably."). But we need not reach that independent basis.

Although the state court was not clear whether Small failed to demonstrate deficient performance or prejudice under *Strickland*, its unreasonable determination of fact underlies both. *See* 466 U.S. at 687 (explaining that ineffectiveness of counsel claims require that counsel's performance was deficient and that the deficiency prejudiced the petitioner). Finding that Small was correctly advised of the mandatory consecutive sentencing allowed the state court to determine that Small failed to show both that his counsel deficiently performed and that he would have accepted the plea had he been correctly advised. Since the state court made an unreasonable determination of fact, we may proceed to the merits of his claim. *Newman v. Harrington*, 726 F.3d 921, 930–32 (7th Cir. 2013) (holding that AEDPA's relitigation bar did not apply because the state court ignored key evidence contradicting its conclusion).

Our finding that the state court unreasonably determined facts does not, however, entitle Small to habeas relief at this

juncture. *See Mosley v. Atchison*, 689 F.3d 838, 853 (7th Cir. 2012) (whether "the petitioner is actually entitled to relief … is a separate question" from whether the petitioner cleared the AEDPA bar). The record before us is too thin to determine whether Small received ineffective assistance of counsel. In these circumstances, it is appropriate to determine if the petitioner has shown enough to merit an evidentiary hearing— relief Small requests as an alternative to outright habeas relief. *See Avila v. Richardson*, 751 F.3d 534, 537 (7th Cir. 2014) (finding the record too underdeveloped to grant habeas relief and instead remanding for an evidentiary hearing).

### C. Evidentiary Hearing

The district court held that 28 U.S.C. § 2254(e)(2) barred an evidentiary hearing because Small failed to develop an evidentiary record diligently in state court. We review a district court's decision not to hold an evidentiary hearing for abuse of discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018). A district court "abuses its discretion when its decision is premised on … a clearly erroneous factual finding." *Famous v. Fuchs*, 38 F.4th 625, 635 (7th Cir. 2022) (citation modified).

The district court's finding that § 2254(e)(2) barred an evidentiary hearing rested on the clearly erroneous factual determination that "there is no [record] evidence that Small diligently sought to develop a factual record." Order Denying Habeas Corpus Petition at 41, 44, *Small II*. The district court failed to consider Small's explanations for the missing affidavits or the evidence he submitted to demonstrate his diligence. We benefitted greatly from Small's appointed counsel on appeal highlighting for us the relevant pieces of a dense record. The district court did not have that same benefit, so although we find an abuse of discretion, we acknowledge the

monumental task district courts face when presented with pro se habeas petitions containing thousands of record pages.

We next ask—considering all the evidence, including the pieces the district court missed—if § 2254(e)(2) bars a hearing and, if it does not, whether Small shows he is entitled to a hearing. *Avila*, 751 F.3d at 537.

Section 2254(e)(2) bars a petitioner from an evidentiary hearing if he "has failed to develop the factual basis of a claim in State court proceedings." A petitioner fails to develop the record where "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000); *see also Davis v. Lambert*, 388 F.3d 1052, 1059–61 (7th Cir. 2004). By contrast, a petitioner is diligent where "he made appropriate efforts to locate and present that evidence to the state courts." *United States ex rel. Hampton v. Leibach*, 347 F.3d 219, 240 (7th Cir. 2003). For example, in *Davis v. Lambert*, we found diligence where the petitioner failed to present affidavits but credibly explained their absence. 388 F.3d at 1061.

Small demonstrates enough diligence to avoid the § 2254(e)(2) bar. He requested an evidentiary hearing in his Illinois post-conviction petition, explaining that he sought to introduce evidence of a 10-year plea offer, his attorney's incorrect sentencing exposure advice, and that he would have pleaded guilty if correctly advised. His petition included a signed affidavit verifying all his factual assertions under penalty of perjury. He told the state court he had affidavits, marked as Exhibit C, to support his argument that he was misadvised and would have accepted the plea had he been correctly advised. However, these affidavits were not attached. Small explained to the state court that he "was

missing a lot of his property and legal paperwork" after time in segregation. As proof of this, he attached a prison grievance that described the missing affidavits and requested their return. Like the petitioner in *Davis*, Small diligently described the missing evidence and his efforts to obtain it, even though he did not submit the evidence to the state court. Even without the benefit of counsel, Small continued to present evidence and argument supporting his contentions. We conclude that Small did not fail to develop a factual record in state court and accordingly is not barred from an evidentiary hearing by § 2254(e)(2).

Small faces one last hurdle. To get an evidentiary hearing, Small must allege facts that, if proven, would entitle him to relief and show that the state courts, for reasons beyond his control, never fully considered his claim. *Davis*, 388 F.3d at 1061; *Avila*, 751 F.3d at 537.

Small clears this hurdle. First, he alleges facts that demonstrate both deficient performance and prejudice under *Strickland*. He alleges in his federal habeas petition that: (1) his attorney grossly misadvised him of the sentencing exposure, (2) the State's best offer was a 10-year sentence in exchange for pleading guilty to the aggravated battery charge, and (3) he would have accepted the plea if he had known of the 40-year minimum he faced. If true, those allegations would show deficient performance because the actual sentencing range was much higher. *See Pidgeon v. Smith*, 785 F.3d 1165, 1172–73 (7th Cir. 2015) (finding deficient performance where the attorney did not verify the application of the statute and accordingly misadvised the client regarding sentencing exposure). Small also satisfies his burden to allege prejudice. He states in his federal habeas petition that "he would not have turned the

offer down but would have accepted it without a doubt" had he known that the case "carried 20–60 years." Of course, Small misstates the range—he should have been advised of a 40-to-160-year range—but the point holds. If he would have accepted 10 years if he thought the minimum was 20 years, he certainly would have accepted 10 years if he thought the minimum was 40 years. Additionally, Small instructed his attorney to ask for a plea before trial, which we have considered evidence of prejudice where a defendant rejected a plea. *See Julian v. Bartley*, 495 F.3d 487, 499 (7th Cir. 2007) (explaining that a "history of plea discussions" is evidence that the defendant would have taken the plea but for the ill-advice of counsel).

As for the second part of the hurdle that Small successfully clears, the state court denied him an evidentiary hearing because it read the pretrial transcript as directly contradicting his contention about earlier plea offers. This unreasonable determination of fact, as discussed above, prevented the state court from fully and fairly considering Small's claims. *See Avila*, 751 F.3d at 537. Accordingly, Small is entitled to an evidentiary hearing.

### III

Small has demonstrated that the state court made an unreasonable determination of fact and that he is entitled to an evidentiary hearing. We therefore VACATE the district court's order and REMAND for the limited purpose of conducting an evidentiary hearing.